UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:11-cr-00376 |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Doc. 208] |
| | : | |
| JOSEPH WARE, | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Finding that Defendant Joseph Ware's compassionate release motion does not raise extraordinary and compelling circumstances and that the 18 U.S.C. § 3553 factors weigh against a sentence reduction, the Court **DENIES** Defendant's motion.[1]

Defendant Ware argues for compassionate release on the grounds that he is needed to help his mother during her surgery and recovery.[2] He says that his mother's mobility is limited by her medical conditions and risk of contracting COVID-19.[3]

The Court regrets Defendant's mother's health condition but finds that Defendant has not made a showing of extraordinary and compelling circumstances. Although this Court has found that caring for an elderly parent can constitute grounds for granting a

---

[1] *Cf. United States v. Manso-Zamora*, No. 20-1665, 2022 WL 43182, at *2 (6th Cir. Jan. 5, 2022) ("When a defendant files a motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), a district court may grant the defendant so-called "compassionate release" (a phrase not used in the statute) if the court finds two things. [ . . . ]. The court must conclude both that "extraordinary and compelling reasons warrant such a reduction" and that the reduction would comport with the "applicable" sentencing factors in 18 U.S.C. § 3553(a).").

[2] Doc. 208 at 3–4.

[3] *Id.*

Case No. 1:11-cr-00376
GWIN, J.

motion for compassionate release, the Court does not find those circumstances presented here.[4]

Additionally, the Court finds that the 18 U.S.C. § 3553 factors weigh against granting the motion. Defendant was convicted in this Court for drug and gun offenses after having previously been convicted of involuntary manslaughter and aggravated robbery.[5] Further, the Court previously reduced Defendant's sentence by 8 months and does not find the sentencing factors to warrant additional reduction here.[6]

IT IS SO ORDERED.

Dated: February 3, 2022       s/    James S. Gwin
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[4] *Cf. United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752, at *2–3 (N.D. Ohio Oct. 17, 2019) (granting compassionate release when defendant was the only available caretaker for his terminally ill mother who required expensive, non-traditional treatment due to a genetic issue and defendant had received an unusual and lucrative job opportunity based on a book he wrote that would allow him to assist with his mother's medical costs, and support himself).

[5] Doc. 132 at 7.

[6] Doc. 179.