UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:11-cr-00376-2 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 215] |
| v. | : |  |
| JOSEPH WARE, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Joseph Ware pled guilty to possession of a gun during a drug offense in violation of 18 U.S.C. § 924(c)(1)(A), pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841, and pled guilty to having been a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On February 14, 2011, the Court sentenced Defendant Ware to 100 months of imprisonment for the 18 U.S.C. §§ 841, 846, & 922(g)(1) offenses, to run consecutively with an 84-month sentence for the 18 U.S.C. § 924(c)(1)(A) violation.[1]  At his sentencing, Ware received two additional points to his criminal history score, because he committed the offenses while on parole.

Ware now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guideline Amendment 821.[2]  The government does not oppose Ware's motion.[3]

---

[1] Doc. 114, PageID #: 167.  On September 9, 2014, the Court reduced Defendant Ware's 100-month sentence to ninety-two months, for a total aggregate sentence of 176 months.  Doc. 179.  Defendant Ware was eligible for this sentence reduction due to United States Sentencing Guideline Amendment 782, which amended the base offense level calculation for drug offenses.  *See* U.S. Sent'g Guidelines Manual § 2D1.1(c)(5) (U.S. Sent'g Comm'n 2014).  The original judgment's other provisions remained the same.

[2] Doc. 215, PageID #: 1847.

[3] Doc. 216, PageID #: 1855.

Case No. 1:11-cr-00376-2
GWIN, J.

For the following reasons, the Court **GRANTS** Defendant Ware's sentence reduction motion to **TIME SERVED**.

## I.    LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[4]  However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[5]  The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."[6]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[7]  In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[8]  Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 921 in the list of retroactive amendments.

## II.    DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) limits the criminal history impact of "status points," decreasing them by one point for

---

[4] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[5] 18 U.S.C. § 3582(c)(2).
[6] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[7] *Id.*
[8] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).

Case No. 1:11-cr-00376-2
GWIN, J.

defendants with seven or more criminal history points and eliminating them for those with six or fewer criminal history points.[9]

At his original sentencing, Defendant Ware received five criminal history points based on prior convictions.  He received two criminal history points for committing his federal offenses while on parole.  This resulted in Ware receiving a Criminal History Category IV.[10]

Amendment 821(A) eliminates Ware's two status points, giving him a total criminal history score of five, with a resulting Criminal History Category III.  With an offense level of twenty-six,[11] Ware's sentencing guideline range is now 78-97 months for his 21 U.S.C §§ 841 & 846 and 18 U.S.C. § 922(g)(1) offenses.[12]  Thus, Defendant Ware was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The 18 U.S.C. § 3553(a) factors weigh in of reducing Defendant Ware's sentence to time served.  Factors like those applied at Ware's initial sentencing also apply at those time.  Defendant Ware was convicted for his involvement in a large drug and firearm distribution scheme.[13]  However, he early admitted his guilt.

Regarding his history and characteristics, Ware was first incarcerated at nineteen for manslaughter that occurred during a robbery.[14]  After his release, he struggled to find employment and with substance abuse issues.  He is close to his children.

---

[9] *See id.*, § 4A1.1(e).  Amendment 821 is retroactive.  Any order reducing a term of imprisonment based on Amendment 821's retroactive effect has an effective date of February 1, 2024, or later.  *Id.*, § 1B1.10(e)(2).
[10] Doc. 132, PageID #: 702-703, 706.
[11] *See* Doc. 179 (reducing Ware's offense level from twenty-eight to twenty-six due to Amendment 782).
[12] *See* U.S. Sent'g Guidelines Manual, § 5A (U.S. Sent'g Comm'n 2023).  The sentencing guidelines concerning criminal history scoring do not apply to convictions under 18 U.S.C. § 924(c). *See id.*, § 2K2.4(b).
[13] Doc. 132, PageID #: 703.
[14] *Id.*

Case No. 1:11-cr-00376-2
GWIN, J.

The Court also notes that it previously sentenced Defendant Ware at the bottom of or below the guideline range.[15]  At his initial sentencing, the Court reasoned that Defendant Ware's age and his consecutive sentences were a sufficient deterrent.[16]

Thus, the Court finds that an appropriate reduced sentence would be seventy-eight months, at the bottom of the amended guideline range, for a total aggregate sentence of 162 months.  This would equate to a fourteen-month reduction from Ware's amended sentence of 176 months.

Defendant Ware is currently located at aa Tennessee halfway house until his release date of June 4, 2024.  As of January 23, 2024, Defendant Ware has received nineteen months of Good Conduct credits and has actually served 148 months.[17]  As a result, the Court finds it appropriate to reduce Defendant Ware's sentence to time served.

## III.    CONCLUSION

For the foregoing reasons, Defendant Ware's motion is **GRANTED** and Defendant's sentence is **REDUCED** to **TIME SERVED**.  Except as otherwise provided in this order, all other terms of Ware's original sentence remain in effect.  This order shall take effect on **February 1, 2024**.

IT IS SO ORDERED.


Dated: January 30, 2024                          s/       *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[15] *Id.*, PageID #: 712 (granting Defendant a downward variance to 100 months); Doc. 179 (amending Defendant to the bottom guideline range for offense level 26 and Criminal History Category IV).
[16] *Id.*, PageID #: 711.
[17] The Court notes the parties' helpful calculation of Ware's Good Conduct credit.  *See* Doc. 217.